PER CURIAM.
James Robert Kalway filed a petition to initiate rulemaking with the Department of Corrections (“DOC”), requesting' that the DOC amend Rule 33-11.0065, Florida Administrative Code. See § 120.54(7), Fla. Stat. (Supp.1996) (“Any person regulated by an agency or having substantial interest in an agency rule may petition an agency to adopt, amend, or repeal a rule.... ”). The petition alleged that the unamended rule, authorizing imposition of ineligibility to earn gain time prospectively as authorized by section 944.281, Florida Statutes, violated the Ex Post Facto Clause. The DOC denied the petition and Mr. Kalway appealed.
In an unrelated case, during the pendency of the present appeal, the Florida Supreme Court determined that Rule 33-11.0065 violates the Ex Post Facto Clause, when applied to prisoners incarcerated for offenses committed before October 1, 1995. Britt v. Chiles, 704 So.2d 1046, 1048 (Fla.1997). After the Britt decision, the DOC proposed an amendment to Rule 33-11.0065, in order to conform the rule to the requirements of the Ex Post Facto Clause as explicated in Britt. 24 Fla. Admin. Weekly 592, 593 (Feb. 6, 1998). Because the DOC has initiated the requested rulemaking, this appeal is moot.
Dismissed.
BOOTH, BENTON and PADOVANO, JJ., concur.